UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CRIMINAL ACTION NO. 3:13CR-00173-JHM

UNITED STATES OF AMERICA                                      PLAINTIFF

V.

GEORGE KUDMANI                                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, George Kudmani, to suppress the search of his residence [DN 176]. Fully briefed, this matter is ripe for decision.

### I. BACKGROUND

In February of 2012, the Drug Enforcement Administration ("DEA") and the Louisville Metro Police Department ("LMPD") began investigating Dr. George Kudmani for illegal distribution of controlled substances. On September 6, 2012, DEA Special Agent Milton Galanos applied for a search warrant for Kudmani's medical practice and his residence for violations of 21 U.S.C. § 841(a)(1), Illegal Distribution of Controlled Substances; 18 U.S.C. § 1956 and 1957, Money Laundering; and 18 U.S.C. § 1347, Health Care Fraud. Based on the application and Galanos's affidavit, Magistrate Judge James D. Moyer issued the search warrant authorizing agents to search both Kudmani's medical practice and his residence. A search of the medical practice and residence occurred on September 6, 2012. At the residence, agents located and seized approximately $20,000 in cash bound by rubber bands in Kudmani's closet, tax return documents, financial records, and a prescription pad.

### II. DISCUSSION

Defendant contends that the evidence obtained in the search of his residence and his

subsequent statement should be suppressed. First, Defendant argues that the affidavit used to secure the search warrant for his residence left everything thing to the discretion of the officer executing the warrant. Second, Defendant maintains that the affidavit is wholly lacking in probable cause to believe that any evidence of criminal activity could be found at his residence.

### A. Particularity

The Fourth Amendment requires that "no Warrants shall issue [unless they] particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "The purpose of the particularity requirement is to limit the discretion of law enforcement officers in conducting a search. But particularity is not an overly onerous standard." United States v. Taylor, 2010 WL 3190740, *1 (E.D. Ky. Aug. 11, 2010). The degree of specificity required in search warrants "is flexible and will vary depending on the crime involved and the types of items sought." United States v. Henson, 848 F.2d 1374, 1383 (6th Cir. 1988). "Thus a description is valid if it is as specific as the circumstances and the nature of the activity under investigation permit." Id. (quoting United States v. Blum, 753 F.2d 999, 1001 (11th Cir. 1985)).

Defendant argues that the warrant amounted to a general warrant and, thus, inappropriately vested executing officers with discretion in determining the scope of the search warrant. Defendant contends that the warrant permitted officers to rummage through Kudmani's personal belongings to find evidence of unspecified crimes. The Court disagrees. Here, the warrant and supporting affidavit made clear that the detectives were authorized to search for and seize items relating to the specific offenses of illegal distribution of controlled substances, money laundering, and health care fraud. The warrant also set forth specific classes of items, thus limiting the officers' discretion. Specifically, the affidavit lists patient files, bank accounts, books, records, receipts, currency, safes, lock boxes, computer and electronic equipment,

controlled substances, and prescription pads, to name a few. "This was sufficient information to ensure that the officers could distinguish between contraband, which was subject to seizure, and legally possessed property, which was not." United States v. Raglin, 2015 WL 5198123, *4 (E.D. Ky. Sept. 4, 2015), aff'd, 2016 WL 5754008 (6th Cir. Oct. 4, 2016).

### B. Probable Cause for Search Warrant

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV. In determining whether an affidavit establishes probable cause to issue a search warrant, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). In order to establish probable cause to search, a warrant request "must state a nexus between the place to be searched and the evidence sought." United States v. Bethal, 245 Fed. Appx. 460, 464 (6th Cir. 2007) (internal citations omitted). "The belief that the items sought will be found at the location to be searched must be 'supported by less than *prima facie* proof but more than mere suspicion.'" Id. (quoting United States v. Johnson, 351 F.3d 254, 258 (6th Cir. 2003)).

Defendant contends that the affidavit is wholly lacking in probable cause to believe that any evidence of criminal activity could be found at Dr. Kudmani's residence. Defendant argues that the allegations made in the affidavit solely center upon Kudmani's medical practice and the writing of prescriptions or performance of ultrasounds from his office. Kudmani maintains that there are no allegations of criminal activity taking place at his residence. Kudmani argues that the only attempt to tie any activity to Kudmani's residence is an allegation that Kudmani left his office on July 2, 2012 with approximately $700 in his pocket and did not stop at a financial

3

institution before going home. Kudmani maintains that this statement is far from sufficient to provide probable cause to believe that a search of his residence, two months after Kudmani drove home and did not stop at any financial institution, would reveal evidence of criminal activity.

The Court reviews a warrant issued by a judge with "great deference" to that judge's determination as to probable cause. Gates, 462 U.S. at 236 (quoting Spinelli v. United States, 393 U.S. 410, 419 (1969)). A judge "may give considerable weight to the conclusion of experienced law enforcement officers regarding where evidence of a crime is likely to be found and is entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense." United States v. Caicedo, 85 F3d 1184, 1192 (6th Cir. 1996) (quoting United States v. Lawson, 999 F.2d 985, 987 (6th Cir. 1993)).

Upon reviewing Special Agent Galanos's Affidavit for Search Warrant in its entirety, this Court finds that probable cause for the search warrant was established considering the totality of the circumstances. The affidavit reflects that patients paid Kudmani cash for narcotic prescriptions without an exam; an employee corroborated this information; the employee indicated that Kudmani received approximately $1000 in cash per day; and that there is no cash drawer in the office. The affidavit further reflects that on July 2, 2012, surveillance was conducted at Kudmani's medical office. Officers observed Kudmani exit the office and drive directly to his residence. Affiant noted that at no time did Kudmani stop at a financial institution. The employee informed police that Kudmani had 20 cash paying patients on July 2, 2012, and that Kudmani had received approximately $700 in cash on that day. Affiant Special Agent Galanos stated that "[s]urveillance revealed that Kudmani went from his office directly to his residence without stopping to make a cash deposit, therefore, probable cause exists that the fruits of the illegal drug prescription practice are being secreted at his residence." (Search

Warrant Affidavit ¶ 28.) The affidavit further reflects that Kudmani purchased a 2012 Honda Accord on December 2, 2011, with $15,000 in cash and a check. Furthermore, based on his 30 years of experience and training, Special Agent Galanos averred that most criminals who launder money from illegal activities often conceal and hide cash, tax records, and other paper or electronic financial records in their residence. Under these circumstances, there is a sufficient factual nexus between the evidence of illegal distribution of controlled substances and money laundering and the residence to support the Magistrate Judge's finding that there was "fair probability that contraband or evidence of a crime" would be located in the residence. Gates, 462 U.S. at 238. Thus, the Court finds the affidavit sufficient to establish probable cause.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant, George Kudmani, to suppress the search of his residence and any statements gathered as a result of the search of his residence [DN 176] is **DENIED**.

cc: counsel of record

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

December 19, 2016