FILED

17 JAN 26 PM 2:47

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**CRIMINAL ACTION NO.    3:13CR-00173-JHM**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**VS.**

**GEORGE KUDMANI**                                              **DEFENDANT**

### JURY INSTRUCTIONS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Government has proven its case; and third, some rules for your deliberations.    A copy of these instructions will be available for you in the jury room.

### I.  GENERAL RULES CONCERNING JURY DUTIES

It is your duty to find the facts from all the evidence in the case.    You must apply the law to those facts.    You must follow the law I give to you whether you agree with it or not.    And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.    That means that you must decide the case solely on the evidence before you and according to the law, as you gave your oaths to do at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.    And you must not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely for you to decide.

The lawyers may refer to some of the governing rules of law in their arguments. However, if any differences appear to you between the law as stated by the lawyers and what I state in these instructions, you are to be governed solely by my instructions.



## BURDEN OF PROOF

The defendant is presumed innocent. The presumption of innocence remains with him unless the government presents evidence that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty. The defendant has no obligation to present any evidence at all or to prove to you in any way that he is innocent. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence. Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, then say so by returning a guilty verdict. If you are not convinced, then say so by returning a not guilty verdict.

## EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated to or that have been judicially noticed.

## WHAT IS NOT EVIDENCE

You must remember that the indictment is not evidence of any guilt. It is simply the formal way the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt and you may not consider it as such. Furthermore, the following things are not evidence and you may not consider them in deciding what the facts are:



1)      Arguments and statements by lawyers are not evidence;

2)      Questions and objections by lawyers are not evidence;

3)      Testimony I have instructed you to disregard is not evidence; and,

4)      Anything you may have seen or heard when the Court was not in session is not evidence.

## STATE OF MIND

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a fact or chain of facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all of the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve

3



all or any part of any witness's testimony. You might want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias or prejudice they may have; any interest you may discern that they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other or vice versa.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

All of these are matters for you to consider in deciding the facts.

### OPINION EVIDENCE

You have heard testimony from persons who have testified as an opinion witness. You do not have to accept the opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how the witness reached his or her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how

4

much weight it deserves.

## TESTIMONY OF DEFENDANT

You have heard the defendant testify.   Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.   And I suggested some things for you to consider in evaluating each witness's testimony.   You should consider those same things in evaluating the defendant's testimony.

I will now explain the elements of the crimes that the Defendant is accused of committing.

5



## II. RULES OF LAW

## INSTRUCTION NO. 1

### Counts 1-19 – Distribution of Controlled Substance – 21 U.S.C. §841(a)(1)

Counts 1-11 of the indictment charge that on or about the dates alleged therein, Defendant, George Kudmani, knowingly and intentionally distributed and dispensed, and caused to be distributed and dispensed Oxycodone, a schedule II controlled substance to the patients listed below, without a legitimate medical purpose and outside the course of professional practice in violation of 21 U.S.C. § 841:

| COUNTS | DATES | PATIENTS |
|--------|-------|----------|
| 1 | March 11, 2011 through September 6, 2011 | K.F. |
| 2 | March 5, 2012 through July 2, 2012 | S.S. |
| 3 | July 1, 2011 through August 17, 2012 | A.P. |
| 4 | August 1, 2010 through September 6, 2012 | C.R. |
| 5 | February 17, 2010 through August 3, 2011 | N.P. |
| 6 | May 12, 2010 through August 30, 2012 | J.H. |
| 7 | August 23, 2010 through July 13, 2012 | R.A. |
| 8 | August 26, 2011 through February 20, 2012 | M.C. |
| 9 | July 29, 2009 through May 3, 2010 | T.K. |
| 10 | December 30, 2011 through August 22, 2012 | S.G. |
| 11 | September 2, 2011 through May 30, 2012 | A.D. |



Counts 12-19 of the indictment charge that on or about the dates alleged therein, Defendant, George Kudmani, knowingly and intentionally distributed and dispensed, and caused to be distributed and dispensed Hydrocodone, a schedule III controlled substance, to the patients listed below, without a legitimate medical purpose and outside the course of professional practice in violation of 21 U.S.C. § 841:

| COUNTS | DATES | PATIENTS |
|--------|-------|----------|
| 12 | October 28, 2011 through August 15, 2012 | B.C. |
| 13 | March 9, 2011 through September 5, 2012 | A.M. |
| 14 | February 5, 2011 through July 4, 2011 | J.D. |
| 15 | September 7, 2011 through April 6, 2012 | J.S. |
| 16 | June 29, 2012 through September 30, 2012 | A.D. |
| 17 | March 3, 2011 through September 3, 2012 | T.W. |
| 18 | December 31, 2010 through August 29, 2012 | A.F. |
| 19 | June 13, 2011 through August 31, 2012 | L.P. |



## INSTRUCTION NO. 2

### Counts 1-19 -- Elements

Federal law authorizes registered medical practitioners to dispense a controlled substance by issuing a lawful prescription. Registered practitioners are exempt from criminal liability if they distribute or dispense controlled substances for a legitimate medical purpose while acting in the usual course of professional practice. A registered practitioner violates Section 841(a)(1) of Title 21 of the United States Code if the practitioner distributes or dispenses a controlled substance without a legitimate medical purpose or if the practitioner distributes or dispenses a controlled substance outside the usual course of his professional practice.

In order to find the Defendant guilty of a violation of 21 U.S.C. § 841(a)(1), the government must prove each and every one of the following elements beyond a reasonable doubt:

**First**, the Defendant distributed or dispensed a controlled substance as alleged in these counts of the indictment;

**Second**, the Defendant acted knowingly and intentionally in distributing or dispensing that controlled substance; and

**Third**, the Defendant distributed or dispensed the controlled substance either without a legitimate medical purpose or distributed or dispensed the controlled substance outside the usual course of professional practice.

The term "distribute" means to deliver a controlled substance, other than by administering or dispensing that substance, and includes issuing a prescription.

The term "dispense" means to deliver a controlled substance to an ultimate user by a practitioner or pursuant to the lawful order of a practitioner. Dispensing includes filling a prescription issued by a practitioner.

8



The term "practitioner" means a physician or other person who is licensed, registered or otherwise permitted by the United States or the jurisdiction in which he practices, to distribute or dispense controlled substances in the usual course of professional practice.

You are instructed that the following substances are controlled substances within the meaning of the charges alleged in the indictment: Oxycodone, including Oxycontin, OxyFast, Roxycodone, Percocet, Fentanyl, and Hydrocodone, including Lortab, Lorcet, Norco, Vicodin.

The term "knowingly" means that the act was done voluntarily and intentionally, and not because of mistake or accident. Although knowledge of the Defendant cannot be established merely by demonstrating that he was careless, knowledge may be inferred if the Defendant deliberately blinded himself to the existence of a fact.

No one can avoid responsibility for a crime by deliberately ignoring the obvious.  If you are convinced that the Defendant deliberately ignored a high probability that the controlled substances as alleged in these counts were distributed or dispensed outside the usual course of professional practice and not for a legitimate medical purpose, then you may find that the Defendant knew that this was this case.

But you must be convinced beyond a reasonable doubt that the Defendant was aware of a high probability that the controlled substances were distributed or dispensed outside the usual course of professional practice and not for a legitimate medical purpose, and that the Defendant deliberately closed his eyes to what was obvious.  Carelessness, or negligence, or foolishness on his part are not the same as knowledge and are not enough to find him guilty on any of these counts.  This, of course, is all for you to decide.

The term "usual course of professional practice" means that the practitioner has acted in accordance with a standard of medical practice generally recognized and accepted in the United

States.  A physician's own individual treatment methods do not, by themselves, establish what constitutes a "usual course of professional practice."  In making medical judgments concerning the appropriate treatment for an individual, however, physicians have discretion to choose among a wide range of available options.

 If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.



## INSTRUCTION NO. 3

### Good Faith

It is the theory of the defense that Dr. Kudmani treated his patients in good faith.  If a physician dispenses a drug in good faith in the course of medically treating a patient, then the doctor has dispensed the drug for a legitimate medical purpose in the usual course of accepted medical practice.   That is, he has dispensed the drug lawfully.

"Good faith" in this context means good intentions and an honest exercise of professional judgment as to a patient's medical needs. It means that the defendant acted in accordance with what he reasonably believed to be proper medical practice. In considering whether the Defendant acted with a legitimate medical purpose in the course of usual professional practice, you should consider all of the Defendant's actions and the circumstances surrounding them. If you find that the Defendant acted in good faith in dispensing the drugs charged in these counts of the indictment, then you must find the Defendant not guilty on those counts.

The Defendant does not have to prove to you that he acted in good faith; rather, the burden of proof is on the government to prove to you beyond a reasonable doubt that the Defendant acted without a legitimate medical purpose outside the course of usual professional practice.

11



## INSTRUCTION NO. 4

### Standard of Care

You have heard the phrase "standard of care" used during the trial by several witnesses. When you go to see a doctor as a patient, the doctor must treat you in a manner that meets the applicable standard of care that physicians of similar training would have given to you under the same circumstances. If the doctor fails to provide you with that care, the doctor may be found negligent in a civil lawsuit.

This case is not about whether the Defendant acted negligently or whether he committed medical malpractice. Rather, in order for you to find the Defendant guilty, you must find that the government has proved to you beyond a reasonable doubt that the Defendant's action in distributing or dispensing a controlled substance was not for a legitimate medical purpose or in the usual course of professional practice.



## INSTRUCTION NO. 5

### Counts 20 – Health Care Fraud – T.K.

Count 20 of the indictment charges that beginning on or about July 29, 2009, and continuing through on or about May 3, 2010, in the Western District of Kentucky, Defendant, George Kudmani, knowingly and willfully executed, and attempted to execute, a scheme and artifice to defraud health care benefit programs in connection with the delivery of or payment for health care benefits, items, and services. Specifically, the indictment charges that Defendant billed Medicare falsely and fraudulently by submitting claims for medically unnecessary services throughout this time period and knowingly dispensed and distributed medically unnecessary controlled substance prescriptions to T.K., knowing T.K. would fill her prescriptions at pharmacies, and pharmacies in turn would submit claims to health care benefit programs for reimbursement and these prescriptions ultimately resulted in T.K.'s death on or about May 5, 2010.

For you to find the Defendant guilty of health care fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

**First**, that the Defendant knowingly and willfully executed or attempted to execute a scheme to defraud any health care benefit program in connection with the delivery of or payment for health care benefits, items, or services.

**Second**, that the scheme included a material misrepresentation or concealment of a material fact.

**Third**, that the Defendant had the intent to defraud.

Now I will give you more detailed instructions on some of these terms.

A "health care benefit program" is any public or private plan, affecting interstate

13

commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract. A health care program affects commerce if the health care program had any impact on the movement of any money, goods, services, or persons from one state to another. The government need only prove that the health care program itself either engaged in interstate commerce or that its activity affected interstate commerce to any degree.

A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

The term "false or fraudulent pretenses, representations, or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth. They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

An act is done "knowingly and willfully" if it is done voluntarily and intentionally, and not because of mistake or some other innocent reason.

A misrepresentation or concealment is "material" if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of either causing a financial loss to another or bringing about a financial gain to oneself or to another person.

The government need not prove that the Defendant had actual knowledge of the statute or specific intent to commit a violation of the statute or that the health care benefit program suffered

14

any financial loss or that the Defendant engaged in interstate commerce or that the acts of the Defendant affected interstate commerce.

If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on the charge.   If you have a reasonable doubt about any of the elements, then you must find the Defendant not guilty of this charge.

In addition to alleging that Defendant, George Kudmani, committed health care fraud in connection with the delivery of or payment for health care benefits, items, or services, Count 20 of the indictment also alleges that the death of T.K. resulted from the health care fraud violation.

In order to establish that T.K.'s death resulted from Defendant's conduct, the government need not prove that the death was foreseeable to the Defendant, but the government must prove beyond a reasonable doubt that the death would not have occurred but for the controlled substances that were prescribed by the Defendant.

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that the death of T.K. resulted from the Defendant's conduct alleged in Count 20, then please indicate this finding by checking that line on the special verdict form.

15

## INSTRUCTION NO. 6

### Counts 21 – Health Care Fraud – K.F.

Count 21 of the indictment charges that beginning on or about March 11, 2011, and continuing through on or about September 26, 2011, in the Western District of Kentucky, Defendant, George Kudmani, knowingly and willfully executed, and attempted to execute, a scheme and artifice to defraud health care benefit programs, including Medicare or Medicaid, in connection with the delivery of or payment for health care benefits, items, and services. Specifically, the indictment charges that Defendant knowingly dispensed and distributed medically unnecessary controlled substance prescriptions to K.F., knowing K.F. would fill her prescriptions at pharmacies, and pharmacies in turn would submit claims to health care benefit programs for reimbursement, and these prescriptions ultimately resulted in K.F.'s death on or about September 26, 2011, which also caused Medicare and Medicaid to reimburse Norton Audubon Hospital and various providers for K.F.'s treatment as a result of her overdose.

For you to find the Defendant guilty of health care fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

**First**, that the Defendant knowingly and willfully executed or attempted to execute a scheme to defraud any health care benefit program in connection with the delivery of or payment for health care benefits, items, or services.

**Second**, that the scheme included a material misrepresentation or concealment of a material fact.

**Third**, that the Defendant had the intent to defraud.

The more detailed instructions regarding health care fraud I gave you in the previous instruction also apply to this charge of health care fraud.

16



If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on the charge.   If you have a reasonable doubt about any of the elements, then you must find the Defendant not guilty of this charge.

In addition to alleging that Defendant, George Kudmani, committed health care fraud in connection with the delivery of or payment for health care benefits, items, or services, Count 21 of the indictment also alleges that the death of K.F. resulted from the health care fraud violation.

In order to establish that K.F.'s death resulted from Defendant's conduct, the government need not prove that the death was foreseeable to the Defendant, but the government must prove beyond a reasonable doubt that the death would not have occurred but for the controlled substances that were prescribed by the Defendant.

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that the death of K.F. resulted from the Defendant's conduct alleged in Count 21, then please indicate this finding by checking that line on the special verdict form.

17



# INSTRUCTION NO. 7

## Count 22-28- Health Care Fraud – Transvaginal Ultrasounds

Counts 22-28 of the indictment charges that on or about the dates alleged therein, in the Western District of Kentucky, Defendant, George Kudmani, knowingly and willfully executed, and attempted to execute, a scheme and artifice to obtain money or property under the control of the health care benefit programs in connection with the delivery or payment for health care benefits, items, and services.   Specifically, the indictment charges that Defendant billed Kentucky Medicaid (Passport) falsely and fraudulently by submitting claims for medically unnecessary Transvaginal Ultrasounds (TVS) and billing for TVS reports that were never prepared for patients in violation of 18 U.S.C. § 1347:

| COUNTS | DATES | BENEFICIARY | SERVICES |
|--------|-------|-------------|----------|
| 22 | 6-18-12 | S.B. | Not medically necessary/ No report generated |
| 23 | 1-9-09 | S.M. | Not medically necessary/ No report generated |
| 24 | 5-2-12 | J.P. | Not medically necessary/ No report generated |
| 25 | 3-9-12 | T.R. | Not medically necessary/ No report generated |
| 26 | 7-12-10 | T.S. | Not medically necessary/ No report generated |
| 27 | 3-4-11 | A.V. | Not medically necessary/ No report generated |
| 28 | 10-29-10 | P.Y. | Not medically necessary/ No report generated |

18



For you to find the Defendant guilty of health care fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

**First**, that the Defendant knowingly and willfully executed or attempted to execute a scheme to defraud any health care benefit program in connection with the delivery of or payment for health care benefits, items, or services.

**Second**, that the scheme included a material misrepresentation or concealment of a material fact.

**Third**, that the Defendant had the intent to defraud.

The more detailed instructions regarding health care fraud I gave you in Instruction No. 5 also apply to these charges of health care fraud.

If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on the charge.   If you have a reasonable doubt about any of the elements, then you must find the Defendant not guilty of the charge.



## INSTRUCTION NO. 8

### Count 29 --Money Laundering—18 U.S.C. § 1957

Count 29 of the indictment charges the Defendant, George Kudmani, with engaging in a monetary transaction in violation of 18 U.S.C. § 1957 on or about December 3, 2011, in the Western District of Kentucky.

For you to find the Defendant guilty of this crime, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt:

**First**, that the Defendant knowingly engaged in a monetary transaction.

**Second**, that the monetary transaction was in cash derived from specified unlawful activity.

**Third**, that the cash had a value greater than $10,000.

**Fourth**, that the Defendant knew that the transaction was in criminally derived property.

**Fifth**, that the monetary transaction took place within the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument (coin or currency of the United States or of any other country, travelers' checks, personal checks, bank checks, and money orders) by, through, or to a financial institution (as defined below).

The term "specified unlawful activity" means the illegal distribution of a controlled substance or health care fraud.

The term "criminally derived property" means any cash or property constituting, or derived from, proceeds obtained from a criminal offense.

The term "financial institution" includes a business engaged in vehicle sales, including automobile, airplane, and boat sales.

20



If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

21



## INSTRUCTION NO. 9

### Separate Consideration—Single Defendant Charged with Multiple Crimes

The Defendant has been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the Defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other counts.



## INSTRUCTION NO. 10

### Witness Testifying to Both Facts and Opinions

You have heard the testimony of some treating physicians of Dr. Kudmani's patients, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept these witnesses' opinions. In deciding how much weight to give it, you should consider the witness's qualifications and how he or she reached the conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

23



## INSTRUCTION NO. 11

### Statement by Defendant

You have heard evidence that the Defendant, George Kudmani, made a statement in which the government claims he admitted certain facts. It is for you to decide whether the Defendant made that statement, and if so, how much weight it deserves. In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the Defendant allegedly made it.

You may not convict the Defendant solely upon his own uncorroborated statement or admission.

24

## INSTRUCTION NO. 12

The Indictment charges that the crime occurred "on or about" a certain date or "in or about and between" a certain date.   Although the government does not have to prove with certainty the exact date of the alleged offense, the government must prove that the offense was committed on a date reasonably near the date alleged.



### INSTRUCTION NO. 13

If you decide that the government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Your job is to look at the evidence and decide if the government has proved the Defendant guilty beyond a reasonable doubt.



### III. JURY DELIBERATIONS

I come now to the last part of the instructions, the rules for your deliberations.

### UNANIMOUS VERDICT

When you retire to the jury room, you will discuss the case with your fellow jurors to reach agreement if you can do so. The first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in Court. Your verdict, whether it is guilty or not guilty, must be unanimous. To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt. To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt. Either way, guilty or not guilty, your verdict must be unanimous.

### REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with each other, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you think that is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination. Do not surrender an honest

27



conviction as to the weight and effect of the evidence simply to reach a verdict.

## NOTES

Now I'd like to say something about the notes you may have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your independent recollection of the proceeding, and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have used notes or not, each of you must form and express your own opinion of the facts of the case.

You'll notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

## RETURN OF VERDICT FORM

After you have reached unanimous agreement on a verdict, your foreperson will fill in the verdict form that has been given to you and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed.

## COMMUNICATION WITH THE COURT

Do not talk to the Marshal, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing or here in open Court. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

