## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**CRIMINAL ACTION NO. 3:13CR-00173-JHM**

**UNITED STATES OF AMERICA**                                             **PLAINTIFF**

**V.**

**GEORGE KUDMANI**                                                      **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, George Kudmani, for judgment of acquittal pursuant to Fed. R. Crim. P. 29(c), or in the alternative, for a new trial pursuant to Fed. R. Crim. P. 33 [DN 256]. Fully briefed and argued, this matter is ripe for decision.

### I. BACKGROUND

On June 7, 2016, the United States charged Defendant, George Kudmani, in a Second Superseding Indictment with 19 counts of unlawful distribution of controlled substances, two counts of health care fraud resulting in the death of a patient, seven counts of health care fraud for unlawful billing of transvaginal ultrasounds, and one count of money laundering. On January 26, 2017, the jury found Kudmani guilty of 19 counts of unlawful distribution of controlled substances pursuant to 21 U.S.C. § 841 and seven counts of health care fraud pursuant to 18 U.S.C. § 1347. The jury returned not guilty verdicts on the remaining counts.

Kudmani now moves this Court to set aside the guilty verdicts and enter a judgment of acquittal on all the counts. At the end of the Government's case and again at the close of the evidence, Defendant moved pursuant to Fed. R. Crim. P. 29 for a judgment of acquittal. Defendant again renews his motion for judgment of acquittal arguing that (1) the Court did not

properly instruct the jury on Kudmani's "good faith" in distributing controlled substances and performing transvaginal ultrasounds ("TVUs") and (2) the evidence was insufficient to convince any rational trier of fact that Kudmani was not acting, at all times, in good faith in the treatment of his patients.  Alternatively, Kudmani moves for a new trial pursuant to Fed. R. Crim. P. 33 because the jury's verdict was against the weight of the evidence and the interests of justice.

## II. STANDARD OF REVIEW

A Rule 29 motion for judgment of acquittal "is a challenge to the sufficiency of the evidence." United States v. Jones, 102 F.3d 804, 807 (6th Cir. 1996).  "Evidence is sufficient to support a criminal conviction if, after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt." United States v. Beddow, 957 F.2d 1330, 1334 (6th Cir. 1992)(citing Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also United States v. Humphrey, 279 F.3d 372, 378 (6th Cir. 2002)); United States v. Harrod, 168 F.3d 887, 889-90 (6th Cir. 1999).  "In ruling on a sufficiency of the evidence challenge, the Court does not weigh the evidence, assess the credibility of the witnesses, or substitute its judgment for that of the jury." United States v. Cannady, 2006 WL 1718193, *2 (E.D. Ky. June 21, 2006).

Rule 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).  The decision of whether to grant a new trial is committed to the "sound discretion of the trial judge." United States v. Barlow, 693 F.2d 954, 966 (6th Cir. 1982); United States v. Pierce, 62 F.3d 818, 823 (6th Cir. 1995).  When presented with a Rule 33 motion, the district court may weigh the evidence and assess the credibility of the witnesses.  "It has often been said that he/she sits as a thirteenth juror." United States v. Solorio, 337 F.3d 580, 589 n. 6 (6th Cir. 2003) (internal

citations omitted). However, "new trial motions are disfavored and should be granted with caution." United States v. Willis, 257 F.3d 636, 645 (6th Cir. 2001) (citation omitted). The trial court should exercise this discretion "only in the extraordinary circumstances where the evidence preponderates heavily against the verdict." United States v. Ashworth, 836 F.2d 260, 266 (6th Cir. 1988). The Defendant bears the burden of proving that a new trial should be granted. United States v. Davis, 15 F.3d 526, 531 (6th Cir. 1994); United States v. Turner, 995 F.2d 1357, 1364 (6th Cir. 1993).

## III. DISCUSSION

### A. Motion for Judgment of Acquittal

**1. Unlawful Distribution of Controlled Substances**

Kudmani argues that a judgment of acquittal on Counts 1 through 19 is warranted because the jury was not properly instructed that lack of good faith is one of the elements the United States had to prove with respect to the unlawful distribution of controlled substances counts. The Court disagrees.

First, a violation of the Controlled Substance Act ("CSA"), 21 U.S.C. § 841, "occurs when a physician dispenses or distributes a controlled substance in a manner that is not authorized by law—i.e., the prescription is issued without 'a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice.'" United States v. Volkman, 797 F.3d 377, 392 (6th Cir. 2015)(quoting 21 U.S.C. § 841(a)(1)); 21 C.F.R. § 1306.04(a); see also United States v. Kirk, 584 F.2d 773, 784 (6th Cir. 1978). The United States must also demonstrate that the practitioner acted with intent to distribute the drugs and with intent to distribute them outside the course of professional practice. United States v. Chube II,

538 F.3d 693 (7th Cir. 2008).  Good faith is a defense to unlawful distribution of a controlled substance; it is not an element of the crime.

Second, the jury instructions given by the Court were proper.  The Court generally "'may reverse a judgment based on an improper jury instruction only if the instructions, viewed as a whole, were confusing, misleading, or prejudicial.'" United States v. Morrison, 594 F.3d 543, 546 (6th Cir. 2010)(quoting United States v. Harrod, 168 F.3d 887, 892 (6th Cir. 1999) (internal quotation marks omitted)).  Instruction No. 2 properly instructed the jury regarding the elements of a 21 U.S.C. § 841(a)(1) offense and defined the terms dispense, practitioner, knowingly, deliberate ignorance, and usual course of professional practice.  The Court then gave a separate good faith instruction in Instruction No. 3 similar to the instruction given in United States v. Volkman, 797 F.3d 377, 392 (6th Cir. 2015).  Instruction No. 3 specifically instructed the jury that "[i]f a physician dispenses a drug in good faith in the course of medically treating a patient, then the doctor has dispensed the drug for a legitimate medical purpose in the usual course of accepted medical practice." (Jury Instructions at 11, DN 252.)  Further, the instruction provided that "[t]he Defendant does not have to prove to you that he acted in good faith; rather, the burden of proof is on the government to prove to you beyond a reasonable doubt that the Defendant acted without a legitimate medical purpose outside the course of usual professional practice." (Id.)  The Court finds the jury instructions related to Counts 1 through 19 proper.

Accordingly, the motion by Defendant for a judgment of acquittal on the unlawful distribution of controlled substance counts based on these arguments is denied.

**2. Health Care Fraud**

Kudmani argues that a judgment of acquittal is warranted because (1) the jury was not properly instructed that good faith was an absolute defense to the charges in Counts 22 through

4

28 and (2) because the United States misled the jury "into believing that Dr. Kudmani could be convicted based on an allegation that a TVU report was not present in a particular patient's file, regardless of whether the TVU was necessary and had been performed." (Defendant's Motion at 3, DN 256.)

First, as discussed above, the Court generally "'may reverse a judgment based on an improper jury instruction only if the instructions, viewed as a whole, were confusing, misleading, or prejudicial.'" Morrison, 594 F.3d at 546 (quoting Harrod, 168 F.3d at 892 (internal quotation marks omitted)). However, Kudmani did not request a separate good faith instruction for the health care fraud counts or object to the lack of a good faith instruction related to the health care fraud counts. So, the Court reviews the instructions only for plain error. See Fed. R. Crim. P. 30(d); Fed. R. Crim. P. 52(b). "'In the context of challenges to jury instructions, plain error requires a finding that, taken as a whole, the jury instructions were so clearly erroneous as to likely produce a grave miscarriage of justice.'" Morrison, 594 F.3d at 546 (quoting United States v. Newsom, 452 F.3d 593, 605 (6th Cir. 2006)(internal quotation marks and brackets omitted)).

The Sixth Circuit addressed a similar issue in United States v. Castro-Ramirez, 461 Fed. Appx. 467 (6th Cir. 2012). In Castro-Ramirez, the defendant, a physician, argued that the district court should have instructed the jury that it could not find him guilty of health care fraud if he acted in good faith. The Sixth Circuit held:

> Even assuming that a good faith instruction would have been permissible or even warranted, the other instructions made up for any deficiency. The district court instructed the jury that "[c]arelessness, or negligence or foolishness on [Castro–Ramirez's] part is not the same as knowledge, and is not enough to convict." R. 383 at 57. Speaking to the individual healthcare-fraud counts, the court added that the jury would have to find that Castro–Ramirez acted "voluntarily and intentionally and not because of mistake or some other innocent reason," id. at 58–59. The district court also told them that they could convict on those

5

> charges only if they found that Castro–Ramirez "acted with the intent to defraud." Id. at 58. Referring to the conspiracy charges, the district court instructed the jury that one of the required elements of each was that the defendant "knowingly and voluntarily joined the conspirac[ies]," aware that they were pursuing fraudulent ends. Id. at 60, 61. Taken together, these instructions "encompassed" the information a good-faith instruction would have covered. United States v. Tarwater, 308 F.3d 494, 510 (6th Cir. 2002). Any (potential) failure to give a specific good-faith instruction did not impair Castro–Ramirez's defense.

Castro-Ramirez, 461 Fed. Appx. at 470–71. See also United States v. Ary-Berry, 424 Fed. Appx. 347, 350 (5th Cir. 2011).

Just as in Castro-Ramirez, the Court instructed on the elements of health care fraud, including instructing the jury that in order to convict Kudmani they must find that the Defendant "knowingly and willfully executed or attempted to execute a scheme to defraud" and that he had the intent to defraud. The Court defined scheme to defraud and intent to defraud. Additionally, the Court instructed that an act is done knowingly and willfully "if it is done voluntarily and intentionally, and not because of mistake or some innocent reason." (Jury Instructions at 13-14, DN 252.) Additionally, at trial, Kudmani argued that he acted in good faith with respect to both the distribution of controlled substances counts and the health care fraud counts. Accordingly, "[e]ven assuming that a good faith instruction would have been permissible or even warranted," the instructions taken as a whole sufficiently conveyed the elements of the charge and "encompassed the information a good-faith instruction would have covered." Castro-Ramirez, 461 Fed. Appx. at 470-71. The instructions were not plain error and did not impair Kudmani's defense.

Second, Kudmani argues that the United States misled the jury "into believing that Dr. Kudmani could be convicted of Counts 22 through 28 based on an allegation that a TVU report

6

was not present in a particular patient's file, regardless of whether the TVU was necessary and had been performed." (Plaintiff's Motion at 3, DN 256.) Contrary to Kudmani's argument, he could be convicted for failing to generate a report for which he was billing. The evidence reflected that January Taylor, owner of Metro Medical (Kudmani's billing company), testified that the code under which the TVUs were billed was a dual diagnosis code which had both a professional and technical component. The code indicated that the TVU was performed and that a report was generated. Thus, the failure to generate a report by Kudmani is a health care fraud violation. Thus, any argument by the United States that billing for TVU reports that were not generated constituted health care fraud was appropriate. Additionally, Dr. Jonathan Weeks testified that none of the TVUs in Counts 22 through 28 were medically necessary. Accordingly, the jury instructions related to the health care fraud counts taken as a whole were not plain error.

Therefore, Defendant's motion for judgment of acquittal on the health care fraud counts based on these arguments is denied.

### 3. Sufficiency of the Evidence

Defendant also seeks a judgment of acquittal on his convictions for distribution of controlled substances and health care fraud arguing that the evidence at trial was not sufficient to support his convictions. As discussed above, "[e]vidence is sufficient to support a criminal conviction if, after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt." United States v. Beddow, 957 F.2d 1330, 1334 (6th Cir. 1992)(citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Having presided over the trial, the Court finds that sufficient evidence was presented to permit any rational jury to find the elements of the crimes charged in Counts 1 through 19 and Counts 22 through 28 beyond a reasonable doubt. Thus, Defendant's motion for

7

judgment of acquittal is denied.

### *B. New Trial*

In the event the Court concludes that the motion for judgment of acquittal should not be granted, Kudmani moves for a new trial pursuant to Fed. R. Crim. P. 33. Kudmani argues that based on the evidence set forth above and all the motions and objections made during the prosecution, trial, and retrial of Kudmani, the Court should find that the jury's verdicts against Kudmani were against the weight of the evidence and the interests of justice and grant Kudmani a new trial.

After a review of the record and for the reasons set forth above, the Court concludes that the Defendant has not met his burden of proving that a new trial should be granted. The Court finds no "extraordinary circumstances where the evidence preponderates heavily against the verdict." Ashworth, 836 F.2d at 266. Accordingly, the Court declines to disturb the jury's verdict, and Kudmani's motion for a new trial is denied.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant, George Kudmani, for judgment of acquittal pursuant to Fed. R. Crim. P. 29(c), or in the alternative, for a new trial pursuant to Fed. R. Crim. P. 33 [DN 256] is **DENIED**.

*Joseph H. McKinley, Jr., Chief Judge*
*United States District Court*

cc: counsel of record

March 23, 2017

8