**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CRIMINAL ACTION NO. 3:13CR-00173-JHM**

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**V.**

**GEORGE KUDMANI**                                                              **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, George Kudmani, to grant him release on bond pending the resolution of his appeal [DN 280]. Fully briefed, this matter is ripe for decision.

### I. BACKGROUND

On June 7, 2016, the United States charged Defendant, George Kudmani, in a Second Superseding Indictment with 19 counts of unlawful distribution of controlled substances, two counts of health care fraud resulting in the death of a patient, seven counts of health care fraud for unlawful billing of transvaginal ultrasounds, and one count of money laundering. On January 26, 2017, the jury found Kudmani guilty of 19 counts of unlawful distribution of controlled substances pursuant to 21 U.S.C. § 841 and seven counts of health care fraud pursuant to 18 U.S.C. § 1347. The jury returned not guilty verdicts on the remaining counts.

Following the jury's verdict, Defendant filed a motion to set aside the guilty verdicts and enter a judgment of acquittal on all the counts arguing that (1) the Court did not properly instruct the jury on Kudmani's "good faith" in distributing controlled substances and performing transvaginal ultrasounds ("TVUs") and (2) the evidence was insufficient to convince any rational trier of fact that Kudmani was not acting, at all times, in good faith in the treatment of his patients. Alternatively, Kudmani moved for a new trial because the jury's verdict was against

the weight of the evidence and the interests of justice. The Court denied the motion.

The Court conducted a sentencing hearing on June 5, 2017. After addressing various objections and issues related to the sentencing, the Court sentenced Defendant to 48 months in prison and is scheduled to report to the Bureau of Prisons on July 13, 2017. Defendant filed a notice of appeal on June 16, 2017. He now moves for release pending appeal pursuant to 18 U.S.C. § 3145(c).

## II. STANDARD OF REVIEW

Pursuant to 18 U.S.C. § 3143(b)(2), a defendant found guilty of a violation of the Controlled Substance Act shall "be detained." Defendant Kudmani was convicted of such an offense. Title 18 U.S.C. § 3145(c) establishes an exception to the mandatory detention provision of § 3143(b)(2). This exception enables individuals who have met the conditions for release outlined in 18 U.S.C. § 3143(b)(1) be released for "exceptional reasons." 18 U.S.C. § 3145(c). Specifically, the statute provides that "[a] person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). Thus, to overcome mandatory detention, Defendant must establish the presence of exceptional reasons that make detention inappropriate, as well as make two showings pursuant to § 3143(b)(1): (1) by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community, and (2) that his appeal is not for the purposes of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of time served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1); see United States v.

2

Sypher, 2011 WL 1314669, *1 (W.D. Ky. April 1, 2011); United States v. Mullet, 2013 WL 8367565, at *1 (6th Cir. July 24, 2013); United States v. Eaton, 2013 WL 5328212, at *2 (W.D. Ky. Sept. 20, 2013).  The Defendant bears the burden of showing that these conditions are met. Id.

### III. DISCUSSION

#### A. Risk of Flight or Danger to Others

The clear and convincing evidence establishes that Defendant is not likely to flee or pose a danger to the safety of other persons or to the community. The record reflects that Defendant has complied with the conditions governing his pretrial release for over four years. He has a home in Louisville, Kentucky, where he has lived for 40 years.  Defendant is married with three adult children.  Upon the execution of the search warrant in this matter, Defendant surrendered his medical and DEA licenses ensuring that there is no danger that he will further offend while his case is on appeal.  Finally, the United States did not contest this issue.

#### B. Substantial Question of Law or Fact

Defendant argues that his appeal raises substantial questions of law or fact, specifically: (1) the jury instructions regarding good faith that was requested by the defense was not given at trial; (2) many evidentiary and instructional issues are unclear in this developing area of law in which trafficking charges are used against doctors; and (3) the case had substantial motion practice before the two trials and many objections during trial.

An appeal raises a "substantial question" of law or fact when it presents a "close question or one that could go either way."  United States v. Pollard, 778 F.2d 1177, 1182 (6th Cir. 1985) (citing United States v. Powell, 761 F.2d 1227, 1233–34 (8th Cir. 1985)). See also Sypher, 2011 WL 1314669, *1. A substantial question is "'one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful.'" United States v. Roth, 642 F.

Supp. 2d 796, 798 (E.D. Tenn. 2009)(quoting United States v. Miller, 753 F.2d 19, 23 (3d Cir. 1985)). The question must be "so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." Pollard, 778 F.2d at 1182. "[T]he Sixth Circuit has held that 18 U.S.C. § 3143(b)(1)(B) 'does not require the district court to find that it committed reversible error' for it to find that the appeal raises a substantial question." Roth, 642 F. Supp. 2d at 799 (quoting Pollard, 778 F.2d at 1182). Nor must the Court find that the Defendant is likely to prevail on appeal. Powell, 761 F.2d at 1234. See also United States v. Eaton, 2013 WL 5328212, at *2 (W.D. Ky. Sept. 20, 2013).

Based on this case law, the Court finds that Defendant has failed to articulate substantial questions of law or fact. The Court previously examined and ruled on Defendant's objections regarding the jury instructions both during and after trial. In his motion for judgment of acquittal, Defendant maintained that the jury was not properly instructed that lack of good faith is one of the elements the United States had to prove with respect to the unlawful distribution of controlled substances counts. The Court disagreed finding that good faith is a defense to unlawful distribution of a controlled substance; it is not an element of the crime. This issue does not present a close question or one that could go either way. Similarly, with respect to the remaining jury instructions given at trial, Defendant raises no novel factual or legal questions nor does he raise any issues that were doubtful to this Court when it issued its order denying the motion for acquittal or new trial.

Defendant also identifies other "evidentiary and instructional issues" and "objections during trial" as establishing a substantial question of law or fact. However, Defendant fails to indicate how the Court's decisions on these matters presented close or novel questions and fails to give the Court a reason to question the validity of these decisions. "Mere identification of issues, without substantive arguments addressing the requirements of 18 U.S.C. § 3143(b)(1)(B),

is not sufficient to establish a substantial question of law or fact." United States v. Garnett, 2008 WL 2796098, at *4 (E.D. Mich. July 18, 2008).

For these reasons, the Court finds that Defendant has failed to establish that any of these issues were close questions that could have gone either way or were doubtful at the time the Court ruled upon them. Accordingly, Defendant has failed to articulate a substantial question of law or fact under the Bail Reform Act, and his motion for bond pending appeal must be denied.

### C. Exceptional Reasons

Even if Defendant had established a substantial question of law or fact, the Court finds that he failed to establish "exceptional reasons" that would make the detention inappropriate pending resolution of this case by the Sixth Circuit.

Courts generally agree that the term "exceptional reasons" is limited to those situations which are "out of the ordinary," "uncommon," or "rare." United States v. Miller, 568 F. Supp. 2d 764, 774 (E.D. Ky. 2008)(citing United States v. DiSomma, 951 F.2d 494, 497 (2d Cir. 1991) (defining "exceptional reasons" as a "unique combination of circumstances giving rise to situations that are out of the ordinary")). "Additionally, the cases establish that mere personal reasons, including caring for a family or gainful employment are not 'exceptional.'" Miller, 568 F. Supp. 2d at 774. See also United States v. Christman, 712 F. Supp. 2d 651, 656 (E.D. Ky. 2010); United States v. Bush, 2013 WL 3884505, *3 (E.D. Tenn. July 26, 2013).

Defendant maintains that he is the primary caregiver for his wife who is suffering from irreversible dementia and is in rapid decline. Defendant argues that his wife's illness is an example of an exceptional reason warranting bond pending appeal pursuant to § 3145(c). United States v. Koon, 6 F.3d 561, 567-68 (9th Cir. 1993)(Reinhardt, J. dissenting)(fatal illness of the defendant or his spouse *might* be an example of exceptional reason). At the sentencing hearing, Defendant indicated that while he has three adult children, they have professional lives of their

own and are not available to take on intensive care needs of their mother. (Defendant's Sentencing Memorandum at 18.)

Contrary to Defendant's argument, case law reflects that caring for ill family members has generally not been considered as an "exceptional reason" within the meaning of § 3145(c). See United States v. Bush, 2013 WL 3884505, at *4 (E.D. Tenn. July 26, 2013)(visiting or caring for a family member who was near death did not rise to the level of exceptional reasons under § 3145(c)); United States v. Burnett, 76 F. Supp. 2d 846, 849–50 (E.D. Tenn. 1999)(defendant's role as the primary care provider for her seventy-seven year old mother and fifty-three year old brother, both of whom have a number of health problems and require assistance, does not constitute exceptional reasons warranting release).[1] As one district court succinctly noted,

> Although the Court obviously sympathizes with Defendant's personal family situation, incarceration regrettably inflicts family hardship on many, if not most, defendants who appear before this Court. Rather than personal family hardships being 'out of the ordinary,' 'uncommon' or 'rare' with defendants convicted of similar drug trafficking crimes, personal family hardships are very common and occur in a great number of cases before this court.

United States v. Lippold, 175 F. Supp. 2d 537, 540 (S.D.N.Y. 2001)(quoting Burnett, 76 F. Supp. 2d at 849). Moreover, "recognizing personal . . . [or] familial . . . hardships as exceptional reasons would allow the exception of release to swallow the rule of mandatory detention." Bush, 2013 WL 3884505, *4 (quoting Christman, 712 F. Supp. 2d at 656.).

---

[1]See also United States v. Lippold, 175 F. Supp. 2d 537, 540 (S.D.N.Y. 2001) (stating that "purely personal" reasons, such as caring for young children with "unusual" health problems, "do not typically rise to the level of 'exceptional reasons'"); United States v. Taliaferro, 779 F.Supp. 836 (E.D. Va. 1992) (defendant's daughter's difficult pregnancy was not an exceptional circumstance to justify release); United States v. Bonczek, 2009 WL 2924220, at *4 (S.D.N.Y. Sept. 8, 2009) (proving that the defendant's "personal situation — that he is the primary caretaker for his ill partner and that he is concerned about the status of his apartment while he is imprisoned -- is typical of many criminal defendants and is neither remarkable nor uncommon"); United States v. Bean, 2012 WL 5936028, *1-2 (M.D. Tenn. Nov. 27, 2012)(providing care for partially disabled mother and ill stepfather not an exceptional reason).

While it is unfortunate the Defendant finds himself and his family in a difficult situation, his wife's dementia and his removal as her primary caregiver does not amount to an exceptional reason under 18 U.S.C. § 3145(c) warranting his release pending appeal. For these reasons, the motion for bond pending appeal is denied.

## IV. CONCLUSION

For the reasons discussed above, the Court finds that the Defendant has failed to satisfy the requirements of 18 U.S.C. § 3143(b)(1) and § 3145(c).

**IT IS HEREBY ORDERED** that the motion by Defendant, George Kudmani, to grant him release on bond pending the resolution of his appeal [DN 280] is **DENIED**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

July 11, 2017

cc: counsel of record